```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
RAISA VOLKOW,
                                                    MEMORANDUM AND ORDER
                    Plaintiff,
                                                    Case No. 1: 18-cv-6602-FB
      -against-

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
------------------------------------------------x
```

*Appearances:*　　　　　　　　　　　　　　　*For the Defendant*:
*For the Plaintiff*:　　　　　　　　　　　　　RICHARD P. DONOGHUE, ESQ.
HAROLD SKOVRONSKY, ESQ.　　　　　　United States Attorney
1810 Avenue N　　　　　　　　　　　　　　Eastern District of New York
Brooklyn, New York 11230　　　　　　　　271 Cadman Plaza East, 7th Floor
　　　　　　　　　　　　　　　　　　　　　Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Raisa Volkow seeks review of the Commissioner of Social Security's denial of her application for disability insurance benefits. Both parties move for judgment on the pleadings. For the following reasons, Volkow's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings.

I

Plaintiff filed an application for benefits on April 9, 2015. Her application was denied, and she requested a hearing before an ALJ. After the hearing, the ALJ ruled that plaintiff was not disabled. The ALJ assigned an RFC of

Y
Z

sedentary work . . . except that she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She cannot climb ladders, ropes or scaffolds. She cannot be exposed to unprotected heights or operate a motor vehicle or heavy machinery. She can tolerate occasional exposure to extreme heat and cold. She can also perform simple, routine tasks.

AR 18.  The Appeals Council declined review.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III.

Plaintiff argues that the ALJ improperly afforded little weight to the opinion of his treating psychiatrist—Dr. Eugene Khotimsky.

The treating physician rule dictates that the opinion of a treating physician as to the nature and severity of an impairment is given controlling weight unless it is "[in]consistent with other substantial evidence in the record." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).  The Second Circuit recently provided additional guidance for the treating physician rule when dealing with mental impairments:

> [D]octors who have not treated or examined a patient are generally entitled to less deference. . . . The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as x-rays or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations.

*Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018).

The ALJ afforded Dr. Khotimsky's opinion little weight because it was "vague." Instead, the ALJ gave great weight to the opinion of consultative psychiatrist Dr. Alla Abramson—a doctor that only met plaintiff one time—in contravention of *Flynn*. 729 F. App'x at 122.

However, the most troubling aspect of the ALJ's opinion is his repeated criticism of plaintiff for not seeking psychiatric help sooner. This is an inappropriate basis to discount a claimant's mental illness and is beyond the scope of the ALJ's duties. There are myriad reasons why individuals do not seek treatment despite debilitating mental impairments: the excessive cost of treatment, the stigma associated with mental illness, the side effects of psychiatric medications (especially relevant here as plaintiff experienced reactions to many medications), amongst numerous others. Remand is necessary on this basis alone as the ALJ's opinion is clearly contaminated by his disagreement with plaintiff's treatment choices. *See Peterson v. Astrue*, 2 F.Supp.3d 223, 236 (N.D.N.Y. 2012) ("[F]aulting a person with a diagnosed mental illness for failing to pursue mental health treatment is a 'questionable practice.'")

3

Regardless, the ALJ erred in crafting plaintiff's RFC. First, neither Dr. Khotimsky nor Dr. Abramson opined as to how plaintiff's mental impairments impact her ability to work. And, the only psychiatric doctor that provided a functional assessment—consultative psychiatrist Dr. A. Stockton—found that plaintiff had moderate limitations in social functioning, accepting instructions, and responding to workplace changes. But these moderate limitations were not included in the RFC determination. As such, the ALJ "improperly substituted his own opinion for that of a physician" in crafting an RFC that does not reflect any medical opinion. *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010).

On remand, the ALJ must reconsider all medical opinions, both psychiatric and physical, with emphasis on the opinions of treating physicians. Plaintiff's RFC should reflect the functional assessments of these treating physicians; if the ALJ does not have such assessments, they must be obtained.

### III

For the foregoing reasons, Volkow's motion is GRANTED and Commissioner's motion is DENIED, and the case is remanded for reconsideration of the medical opinions in light of this memorandum and order.

**SO ORDERED.**

                                                  /S/ Frederic Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
September 1, 2020